WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—March, 1885.

MITCHELL *v.* PRESB. CHURCH.

*In the matter of the judicial settlement of the account of* WILLIAM R. J. MITCHELL, *as administrator with the will of* PETER P. REID, *deceased, annexed.*

The *cy pres* power is not exercised by any court of this State.

Testator's will contained the following clause: "And I also reserve five hundred dollars for an *arbor vitœ* hedge around the plot in burying

ground, and for other things necessary about the plot, and what is re-
maining of the above (500) five hundred to be given to some Sunday
school Rye Presbyterian or charitable institution."—

*Held*, that the testator intended to make a bequest for a religious or charita-
ble use; but that, he having failed to point out any corporate or natural
person who could maintain an action to recover the legacy, the court
could not supply the defect; and that the residue of the $500 fell into
the residue of the estate.

THE testator, by his will, provided as follows :
" And I also reserve five hundred dollars for an *arbor
vitæ* hedge around the plot in burying ground, and
for other things necessary about the plot, and what
is remaining of the above (500) five hundred to be
given to some Sunday School, Rye Presbyterian or
charitable institution."

Only twenty-five dollars was expended for the
hedge, and in doing other necessary things about the
plot, and there remains four hundred and seventy-five
dollars, which is claimed by a religious corporation
known, as incorporated, as "The trustees of the Pres-
byterian church of the town of Rye, in Westchester
County." There is no other Presbyterian church in
that town, and the testator, in his lifetime attended
that church. He appointed Thomas M. Mitchell
executor of his will, who entered upon his duties, but
never designated any object as the donee of the
residue of said five hundred dollars. He died, and
the present accounting party was appointed adminis-
trator with the will annexed.

D. HAIGHT, *for administrator.*

C. P. COWLES, *for Presbyterian church.*

THE SURROGATE.—It is now well settled that an in-
corporated school, society or body, is incompetent to

take a legacy. There must be an incorporation, to enable the courts to enforce the payment, and the execution of the trust by a proper application of the money. True, the will does not declare the purpose for which the bequest was made, but it was, undoubtedly, for a religious or charitable one. The executor took the money, but he was not appointed the trustee to apply it to any use, nor was he, in terms, authorized to make a selection of the beneficiary to which it should be paid, and he made no such selection. If he ever had the power to do that, it did not devolve on the administrator with the will annexed. That seems to be conceded. The court is here virtually asked to do it, but the *cy pres* power is not now exercised by any court of this State. It cannot designate " some Sunday School " with the option of selecting, among others, " the Rye Presbyterian; " nor any charitable institution. The testator should have done that. He failed to point out any person or corporate body as legatee who can maintain an action for the recovery of the legacy. The amount of it will, therefore, fall into the residuum, and pass to the legal representative of the deceased executor, Thomas M. Mitchell, who is named in the will as residuary legatee.

Decreed accordingly.